## APPEAL OF MARKET SUPPLY CO.

Docket No. 5381. Submitted December 12, 1925. Decided February 18, 1926.

> Taxpayer purchased the business, the store location, and the right to use the name of its competitor during the period of two years. *Held*, that the amount paid in excess of the inventory of merchandise and equipment can not be written off and claimed as a deduction from gross income over the two years during which the right to use the competitor's name continued.

*John J. Barry, C. P. A.*, for the taxpayer.
*Thomas P. Dudley, Jr., Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1918 in the sum of $7,400.65. Only so much of the deficiency is in controversy as results from the disallowance of a certain deduction of $6,000 from gross income, which the Commissioner determined to be a capital expenditure.

### FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation with its principal place of business at Boston.

2. During the year 1918 the taxpayer corporation occupied the place of business at 67 Long Wharf, Boston. As a war measure, the United States Government required the erection of gates to the wharves and only permitted persons to enter who had proper credentials. As this interfered with the business of the taxpayer, it sought another location, which resulted in the purchase of the business of M. J. Gallagher & Co., a competitor.

On account of the favorable location, existing contracts, good will, and an agreement not to enter into the same business, and the use of the trade name, the taxpayer paid $6,000, in addition to the inventory value of the machinery, merchandise, etc., so acquired. There was no lease to the new premises and the tenants occupied the premises as tenants at will. However, no tenant had ever been ejected to give preference to others. The pertinent parts of the bill of sale are as follows:

> Know all men by these presents that I, Martin J. Gallagher of Arlington in the County of Middlesex and Commonwealth of Massachusetts, in consideration of one dollar and other valuable consideration to me paid by the Market Supply Company, a corporation duly established under the laws of said Commonwealth, and having a usual place of business in Boston, Suffolk County, Massachusetts, the receipt whereof is hereby acknowledged, do hereby sell, assign, transfer and set over unto said Market Supply Company, all of

the goods, wares, merchandise, machinery, stock in trade, fixtures and furniture used by me in the business of dealer in market supplies, market boxes, shooks, nails, paper, etc., under the name of M. J. Gallagher & Co., at No. 24 Mercantile Street in said Boston, and in the storehouse at 20 Fulton place in said Boston, and now situated on said premises on Mercantile Street occupied by me in connection with said business or in said storehouse and including also all goods now in transit, and the horse, wagon and harness used by me in said business, together also with the good will of said business, and all of my right, title and interest as tenant of said premises.

And I do further assign to said Market Supply Company, all contracts which I have for delivery of shook to me, the said Market Supply Company to assume payment on all shook delivered to it under said contract, and to pay to the parties entitled thereto for all goods now in transit and sold by the bill of sale, and to hold me harmless from any liability on account of shook contracted for by me, but delivered to said Market Supply Company; and I agree with said Market Supply Company to deliver to it all bills of lading received by me, or made out to me, for shipments of shook as aforesaid, and to deliver to said Market Supply Company all necessary or appropriate orders or endorsements to secure delivery to said Market Supply Company by the railroad or carrier of all shook shipped to or consigned to me.

\*        \*        \*        \*        \*        \*        \*

And for the consideration aforesaid, I do further covenant and agree with said Market Supply Company, and its successors and assigns that I will not either directly or indirectly (except as a stockholder in said Market Supply Company) engage in or become financially interested in, or permit or allow my name to be used in connection with any business of the kind or character formerly conducted by me as aforesaid, for a period of ten years from the date hereof, in either the States of Maine or Massachusetts, and I further covenant and agree not to do any act or thing to injure or affect the grant of good will of said business herein made.

It is further understood and agreed that said Market Supply Company shall have the right to use the name of M. J. Gallagher or M. J. Gallagher & Co., in connection with the business herein transferred, whether at the same location or elsewhere, for a period of two years from the date hereof, and at all times whether within said two years period or not, shall have the right to use the name of M. J. Gallagher & Co., in connection with its own name, when used with appropriate words indicating that the Market Supply Company is successor to M. J. Gallagher & Co., or has succeeded to the business formerly conducted by M. J. Gallagher & Co.

3. The taxpayer claims the $6,000 as a business expense, deductible from gross income. The Commissioner treated the amount as a capital expenditure.

#### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, pursuant to Rule 50.

#### OPINION.

JAMES: For some years prior to 1918 the taxpayer had been engaged in the mercantile business, occupying a store on what is

known as "Long Wharf," at Boston, Mass. Prior to June, 1918, the United States Government, as a war measure, required the erection of gates at the entrance to the wharf and permitted no one to enter without proper credentials. This so interfered with the taxpayer's business that it found it necessary either to secure a new store location or practically to suspend operations. In seeking a new location, the taxpayer found that it could, and it finally did on June 17, 1917, purchase the business and the right to the store location of one of its competitors. In making such purchase, the competitor's stock of merchandise and equipment was inventoried and valued, and the taxpayer paid such inventory value, plus the sum of $6,000, and accepted from said competitor a bill of sale in the form and language set forth in the foregoing findings of fact.

It appears from the foregoing bill of sale that the taxpayer acquired the right to occupy a store location as a tenant at will, the merchandise of the seller, his contracts, the good will of his business, the right to use the vendor's name in connection with its business for a period of two years, and the abstention of the vendor from engaging in a like business for a period of 10 years. The benefits accruing to the taxpayer appear to be the benefit of continuing in business unembarrassed by war regulations, the retention of its own customers, the acquisiton of the customers of Gallagher, the abstention of Gallagher from business, and the right to use Gallagher's name for two years. It is impossible under the evidence to separate the consideration paid for these various rights, some of which are presumably of permanent benefit to the taxpayer. It might be conceded that the tenancy in Gallagher's location was of little permanent value. It might be conceded that the use of Gallagher's name would also be of temporary benefit, but the acquisition of Gallagher's business and customers, and the abstention of Gallagher from further engaging in business for a period so long as to take him practically permanently out of the field of competitors were benefits difficult to estimate at all, and the duration of which it is particularly difficult to estimate. Certainly, it can not be said that the benefit flowing from these provisions of the contract is limited, as claimed by the taxpayer, to the period of two years during which it was permitted to hold itself out as the successor to M. J. Gallagher & Co. We are, therefore, of the opinion that the amount paid in excess of inventory value of merchandise was a capital expenditure of such indefinite duration that it can not properly be said to exhaust over any particular period, and no deduction for such exhaustion may be allowed, unless or until a definite loss can be and is established.

TRUSSELL dissents.